```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TARA OLESEN-FRAYNE,

                              Petitioner,

vs.                                       Case No. 2:09-cv-49-FtM-29DNF

LARS OLESEN,

                              Respondent.

_____

## **OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) Respondent's Motion to Dismiss (Doc. #14); (2) Respondent's Amended Motion to Dismiss (Doc. #15); (3) Respondent's Motion for Continuance of Final Hearing, Extended Discovery, and Expedited Consideration of Motion (Doc. #19); (4) Respondent's [Amended] Motion for Continuance of Final Hearing, Extended Discovery, and Expedited Consideration of Motion (Doc. #20); (5) Plaintiff's Motion for an Order on the Admissibility of Documents to be Produced to Plaintiff Shortly After the Discovery Deadline (Doc. #25); (6) Respondent's Alternative Motion for Extension of Time to File Motion to Quash (Doc. #27); (7) respondent's Request of Father for Mental Examination of Mother (Doc. #28); and (8) Respondent's Motion to Quash Subpoena to Rana Holz, Esq. (Doc. #29).

**(1) Motions to Dismiss**: A motion to dismiss is inappropriate once a responsive pleading has been filed. Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002); Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35 (11th Cir. 2002). Subsequent to the filing of his

Amended Motion to Dismiss (Doc. #15), respondent filed an Answer and Affirmative Defenses (Doc. #17). Therefore, the motions to dismiss will be denied.

**(2) Discovery Produced After Deadline**: Petitioner seeks a ruling that documents to be produced shortly after the current discovery deadline not be determined inadmissible simply because of the timing of the discovery's production. Respondent does not oppose the request, and therefore the motion will be granted.

**(3) Mental Examination of Petitioner**: Respondent's motion for a mental examination of petitioner is governed by F̲ED̲. R. C̲IV̲. P. 35(a). Respondent must establish that petitioner's mental condition or physical condition is "in controversy" and must show "good cause" for the mental or physical examination(s). This requires an affirmative showing that the mental or physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination. This requires a greater showing than for other types of discovery under F̲ED̲. R. C̲IV̲. P. 26. Schlagenhauf v. Holder, 379 U.S. 104 (1964); Ali v. Wang Lab., 162 F.R.D. 165, 167 (M.D. Fla. 1995).

The proceeding pending before the Court is not a child custody proceeding, nothing in the Petition, Answer, or Affirmative Defenses sufficiently places petitioner's mental condition in controversy, and insufficient good cause has been shown for such an examination. Therefore, the motion is denied.

**(4) Continuance:** The Court will grant a brief continuance of the final hearing, based largely on its calendar. The final hearing will be held before the undersigned on **April 15, 2009, at 9:00 a.m.** The discovery deadline will be extended to **April 3, 2009,** although the parties by mutual consent may agree to further extend the discovery deadline so long as it does not interfere with the final hearing date.

**(5) Motion to Quash:** Respondent's Motion to Quash Subpoena to Rana Holz, Esq. (Doc. #29) will be taken under advisement. Petitioner shall file a response on or before **March 10, 2009.**

Accordingly, it is now

**ORDERED:**

1. Respondent's Motion to Dismiss (Doc. #14) is **DENIED as moot** in light of the filing of Respondent's Amended Motion to Dismiss (Doc. #15).

2. Respondent's Amended Motion to Dismiss (Doc. #15) is **DENIED** in light of the filing of an Answer (Doc. #17).

3. Respondent's Motion for Continuance of Final Hearing, Extended Discovery, and Expedited Consideration of Motion (Doc. #19) is **DENIED as moot** in light of the filing of Respondent's Amended Motion for Continuance of Final Hearing, Extended Discovery, and Expedited Consideration of Motion (Doc. #20).

4. Respondent's Amended Motion for Continuance of Final Hearing, Extended Discovery, and Expedited Consideration of Motion

(Doc. #20) is **GRANTED**. The final hearing shall be held on **April 15, 2009** at **9:00 a.m.** before the undersigned in Courtroom A, Sixth Floor, Fort Myers, Florida.

    5. Plaintiff's Motion for an Order on the Admissibility of Documents to be Produced to Plaintiff Shortly After the Discovery Deadline (Doc. #25) is **GRANTED** to the extent that the documents shall not be inadmissible because they were obtained after the discovery deadline.

    6. Respondent's Alternative Motion for Extension of Time to File Motion to Quash (Doc. #27) is **GRANTED** *nunc pro tunc* to the extent that the Court will allow the filing of Respondent's Motion to Quash Subpoena to Rana Holz, Esq. (Doc. #29).

    7. Respondent's Request of Father for Mental Examination of Mother (Doc. #28) is **DENIED**.

    8. Respondent's Motion to Quash Subpoena to Rana Holz, Esq. (Doc. #29) is taken under advisement. Petitioner shall file a response on or before **March 10, 2009**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of March, 2009.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD