```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TARA OLESEN-FRAYNE,

                Petitioner,

vs.                          Case No. 2:09-cv-49-FtM-29DNF

LARS OLESEN,

                Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Respondent's Motion for Judgment on the Pleadings (Doc. #35) filed on March 9, 2009. For the reasons set forth below, the Court finds that respondent's motion should be denied.

**I.**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002) (citing Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. Cannon, 250 F.3d at 1301; Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).

Judgment on the pleadings is appropriate only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)).

**II.**

This case arises from a Petition (Doc. #1) filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670 1343 U.N.T.S. 97, reprinted in 51 Fed. Reg. 10,493 (Mar. 26, 1986) and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-10 (2000). In the petition, Tara Olesen-Frayne alleges that her three minor children are being unlawfully retained in the Middle District of Florida by their father, Lars Olesen, who has restricted their ability to return to their habitual residence of the United Kingdom by taking and secreting the children's passports.

Respondent seeks judgment on the pleadings on the ground that petitioner fails to state a claim upon which relief can be granted. Specifically, respondent argues that there is no "wrongful retention" because his right to custody is co-equal with petitioner's under the statutes petitioner has attached to her Petition, the Children Act 1989 and the Child Abduction Act 1984, which refute petitioner's "conclusory allegations" in the Petition. (See Doc. #35, pp. 1-3, 6.) Respondent also argues that

because petitioner has custody of the twin children, respondent has not "retained" custody of the children and the Court should grant judgment on the pleadings as to the twins. (See id.)

**III.**

The Hague Convention, which ICARA implements, "mandates the return of children to their circumstances prior to the abduction if one parent's removal or retention violated the custody rights of the other parent and was therefore 'wrongful.'" Mendez Lynch v. Mendez Lynch, 220 F. Supp. 2d 1347, 1357 (M.D. Fla. 2002) (citing Hague Convention, Art. 12; 42 U.S.C. § 11601(a)(4)). A petitioner establishes the elements of wrongful removal or retention by showing the following by a preponderance of the evidence:

> (1) the habitual residence of the child immediately before the date of the allegedly wrongful removal or retention was in the country to which return is sought; (2) the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence; (3) the petitioner was actually exercising or would have been exercising custody rights of the child at the time of his or her removal or retention; and (4) the child has not attained the age of 16 years.

Id. (citing Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998); Pesin v. Rodriguez, 77 F. Supp. 2d 1277, 1284 (S.D. Fla. 1999), aff'd, 244 F.3d 1250, 1253 (11th Cir. 2001)).

**A. Habitual Residence of the Children**

According to the Petition, petitioner and respondent were married in New York, New York, on January 24, 2000 (see Doc. #1, ¶ 5). They are the parents of Anders Olesen-Frayne, born December

19, 1997 (prior to the marriage) in New York, New York, and twins Erik Olesen and Alexandra Olesen, both born November 20, 2001 in London, England (the "minor children") (see id. at ¶ 5). The parties and minor children have resided in Surrey, England, since 2001 and have been working towards obtaining British citizenship, the children were enrolled in British schools (and their places in the schools left open and available for their return), parties have a home and numerous friends in England, parties continue to employ household staff in England, parties keep their valuable items and automobiles in England, parties belong to a tennis club in England, and petitioner and the minor children consider England their place of habitual residence, where they have a degree of settled purpose (see id. at ¶¶ 6, 8-16). The parties and minor children left England for an extended vacation on December 17, 2008, respondent took and secreted the minor children's passports and other official documents on or about January 3, 2009, and petitioner filed her petition on January 28, 2009 (see id. at ¶ 37, 42, 49).

**B. Breach of Petitioner's Custody Rights under the Law of the Children's Habitual Residence**

Petitioner alleges that at the time of respondent's wrongful retention of the minor children in the United States from England, petitioner had and continues to have rights of custody under English law in terms of the Children Act 1989 (the "Act") and the Child Abduction Act 1984 (the "CAA"). (See id. at ¶ 79.) Petitioner further states that she has requested the return of the

children to the United Kingdom by filing a Request for Return with the English Central Authority and that the High Court of Justice in England has issued an Order under Article 15 of the Hague Convention, finding that respondent's retention of the minor children in Florida is wrongful (see id. at ¶¶ 86, 87).[1]

**C. Petitioner was Actually Exercising or Would Have Been Exercising Custody Rights of the Children at the Time of their Removal or Retention**

Petitioner states that at the time of respondent's wrongful retention of the minor children, petitioner was actually exercising her custody rights within the meaning of Articles Three and Five of the Hague Convention, in that "she is the Mother of the minor children and has exercised custody rights over them in England and everywhere else that [the] parties have [traveled] for vacations." (See id. at ¶ 80.) Respondent argues that petitioner currently has custody of two of the minor children, the twins, and that respondent therefore has not "retained" custody of them (see Doc. #35, p. 6). Petitioner alleges that respondent has refused and continues to refuse to return the minor children's passports to her (see id. at ¶ 82). Petitioner further states that she intends and desires to end the extended vacation in Florida and return to the minor children's habitual residence of England and would do so, but

---

[1] Respondent filed a Notice indicating that the referenced Order of the High Court of Justice was "revoked, set aside and discharged in its entirety" on February 27, 2009, because the order was made without notice to respondent. (See Doc. #23.)

for respondent's "willful obstruction of that purpose." (See id. at ¶ 85.)

**D. The children have not attained the age of sixteen (16) years**

Petitioner states that the minor children are all under the age of sixteen (16), and that the children were born in 1997 (Anders) and 2001 (Erik and Alexandra); thus, the children are currently aged eleven (11) and seven (7), respectively, and have not attained the age of sixteen (16). (See Doc. #1, ¶¶ 5, 77.)

Accepting the factual allegations in the Petition as true, and making all reasonable inferences in favor of petitioner, the Court concludes that there are a set of facts consistent with these allegations which could entitle petitioner to relief under the Hague Convention. This is sufficient under Fed. R. Civ. P. 9(c). While the Petition may ultimately be granted or denied based on facts in dispute, a judgment on the pleadings is not warranted at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Respondent's Motion for Judgment on the Pleadings (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of March, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record