```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TARA OLESEN-FRAYNE,

                Petitioner,

vs.                               Case No. 2:09-cv-49-FtM-29DNF

LARS OLESEN,

                Respondent.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Request of Father for Physical Health Examination of Two of the Minor Children Subject to this Proceeding (Doc. #32) filed on March 6, 2009. At the Court's direction (Doc. #36), petitioner filed a Memorandum of Law (Doc. #39) on March 13, 2009, to which respondent filed an Amended Response (Doc. #43) on March 16, 2009.

Respondent requests, pursuant to Fed. R. Civ. P. 35(a)(1), that all minor children subject to the proceeding submit to a physical health examination to be performed by Dr. Larry Castillo in Fort Myers, Florida, on March 20, 2009 at 9:30 a.m.[1] Petitioner responds that the physical condition of the children is not in controversy, that good cause does not exist to order a physical

---

[1] Respondent indicates that the eldest son, Anders Olesen (aged eleven), is currently living with respondent and is being treated for allergies by Dr. Castillo. (See Doc. #32, p. 3.) Respondent asserts that petitioner has refused to permit twins Alexandra and Erik Olesen-Frayne (aged seven), currently in petitioner's custody, to be evaluated and treated by Dr. Castillo. (See id.)

examination, and that the status of the children's allergies is irrelevant to the question of whether the children have been wrongfully retained in the United States. Petitioner also asserts that the motion should be denied as moot because she is "not preventing any evaluation or treatment for any of the children by either of the children's regular allergists." (See Doc. #39, p. 1.) Petitioner indicates in her opposition and attached affidavit that on March 9, 2009, she and respondent reached an agreement that the children would continue to be treated by their regular United States allergist, Dr. Ingrid K. Rosner, in New York, New York, rather than begin treatment with a new allergist in Fort Myers, Florida. (See id. at pp. 1-2; Doc. #39-2, p. 2.) Petitioner also indicates that of the children, Erik has the most severe allergies and has been scheduled for an appointment with Dr. Rosner in New York on March 26, 2009.[2] Respondent denies that the parties reached an agreement on the issue of allergy treatment for the children (see Doc. #43, p. 2).

Respondent's motion for a physical examination of the children is governed by FED. R. CIV. P. 35(a). Respondent must establish that the children's physical condition is "in controversy" and must show "good cause" for the physical examination. This requires an

---

[2]Petitioner states that Erik is also regularly treated by an allergist in England at the Royal Surrey County Hospital, and was scheduled for an appointment there on January 26, 2009, but that Erik was unable to attend the appointment because respondent took and secreted the children's passports (see Doc. #39, pp. 2, 3).

affirmative showing that the physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination. This requires a greater showing than for other types of discovery under Fed. R. Civ. P. 26. <u>Schlagenhauf v. Holder</u>, 379 U.S. 104 (1964); <u>Ali v. Wang Lab.</u>, 162 F.R.D. 165, 167 (M.D. Fla. 1995).

Here, while the parties disagree about issues such as the best location for the children to receive the necessary healthcare and the reason for the parties' presence in the United States, the compromised state of the children's physical health and the fact that the children suffer from severe allergies is not in controversy. (<u>See</u> Doc. #1, ¶¶ 28-30, 63, 64; Doc. #17; ¶¶ 28-30, 63, 64.) The proceeding pending before the Court is not a child custody proceeding, nothing in the Petition, Answer, or Affirmative Defenses sufficiently places the children's physical condition in controversy, and insufficient good cause has been shown for such an examination. Therefore, the motion is denied.

Accordingly, it is now

**ORDERED**:

Request of Father for Physical Health Examination of Two of the Minor Children Subject to this Proceeding (Doc. #32) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of March, 2009.

JOHN E. STEELE
United States District Judge