UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA OLESEN-FRAYNE,

                Petitioner,

vs.                                      Case No. 2:09-cv-49-FtM-29DNF

LARS OLESEN,

                Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on Respondent's Expedited Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond (Doc. #91) filed on April 30, 2009. Petitioner filed a Response to Respondent's Motion for Stay Pending Appeal (Doc. #92) on the same day.

**I.**

The Court entered an Opinion and Order (Doc. #90) on April 29, 2009, requiring respondent Lars Olesen to return the passports and identification documents of his three children to petitioner Tara Olesen-Frayne on or before May 1, 2009 at 12:00 p.m. (noon).

Respondent's motion sets forth three requests. Respondent requests that the Court "stay the order granting the return of the children to England[1] until after June 10, 2009." (Doc. #91, p. 3.) In the alternative, respondent requests "an interim stay to

---

    [1]Specifically, the Court ordered the return of the children's passports to petitioner.

maintain status quo long enough for the appellate court to consider a renewed stay request in this matter." (Doc. #90, p. 4.) There is insufficient information in respondent's motion to indicate whether he has or has not yet filed an appeal in the appropriate appellate court. Finally, respondent requests that the Court waive the requirement for the posting of a bond (id. at p. 3). Upon review, the Court finds that respondent's motion will be granted in part in a limited manner, as specified below.

**II.**

**A. Respondent's Request for a Stay Until After June 10, 2009**

Respondent requests that the Court stay the Order until after June 10, 2009, because "the children will suffer irreparable harm by the unilateral decision of [petitioner] to return to England before the completion of their current school term scheduled to end on June 10, 2009." (Doc. #91, p. 3.) Respondent asserts that the children, who have been attending elementary school in Sanibel, Florida, since January, have been progressing well and becoming acclimated to their new school and surroundings (see id. at pp. 3-4). Respondent states that it would be "significantly disruptive" for the eldest child, in particular, to be removed from his current school (see id. at p. 4). Petitioner responds that "[t]he children's returning without delay to the United Kingdom will not interrupt their educational activities" and that "the children are not settled in Florida." (Doc. #92, p. 5.) Petitioner also

-2-

indicates that "[p]laces are immediately available for the children at their [former] school in the United Kingdom." (See id.; Doc. #92-2.)

The Court "has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute. . . ." Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998) (quoting Friedrich v. Friedrich, 78 F.3d 1060, 1064 (6th Cir. 1996)). See also Baran v. Beaty, 526 F.3d 1340, 1344 (11th Cir. 2008). Issues surrounding the children's education, withdrawal from school and any resulting disruptive effects, or lack thereof, constitute the type of "underlying custody" matters that are beyond the Court's consideration. Accordingly, the Court finds that the grounds for a stay articulated by respondent, based upon the children's school schedules and related issues, are not appropriate reasons to grant a stay. The Court finds that respondent has not demonstrated sufficient cause to grant a stay on these grounds.

**B. Respondent's Request for an "Interim Stay" Pending Appeal**

In the alternative, respondent requests that the Court grant a stay to "maintain status quo long enough for the appellate court to consider a renewed stay request in this matter." (Doc. #91, p. 4.) The grant of an expedited or emergency motion to stay is an "exceptional remedy," which is granted only upon the moving party's showing that: (1) "the movant is likely to prevail on the merits on appeal"; (2) "absent a stay, the movant will suffer irreparable damage"; (3) "the non-movant will suffer no substantial harm from

the issuance of the stay"; and (4) "the public interest will be served by issuing the stay."[2] Robles Antonio v. Barrios Bello, No. 04-12794-GG, 2004 WL 1895123, at *1 (11th Cir. June 10, 2004) (citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). Upon review of the motion, the Court notes that respondent provides minimal substance in his efforts to satisfy the four requirements for an emergency stay. The Court finds that respondent has not satisfied at least the first, third and fourth requirements. Therefore, respondent has not established his burden to obtain a stay.

Respondent also asserts, in support of the second requirement, that he will suffer irreparable harm if the motion for a stay is not granted because "without a stay petitioner . . . will return with the parties' children to England, thus arguably mooting an appeal of the judgment and effectively robbing [respondent] of the right to judicial review." (Doc. #91, p. 1.) Respondent's argument finds support in Bekier v. Bekier, 248 F.3d 1051 (11th Cir. 2001); however, this is insufficient in the current case, where respondent has failed to establish the other three requirements for a stay.

---

[2] "Ordinarily, the first factor is the most important . . . Absent being able to establish the first factor, a movant for emergency stay relief must establish that the three remaining factors for stay relief, the 'equities,' tend strongly in [his] favor." Id.

Upon considering the arguments presented and the objectives of the Hague Convention,[3] the Court does not find that a stay is appropriate. The Court will, however, grant a limited stay of its Order directing return of the children's passports and identification documents, for a period of one week until Friday, May 8, 2009, at 12:00 p.m. (noon), in order to give respondent the opportunity to seek a stay from the appropriate appellate court, should he choose to do so. This temporary stay is to be conditioned upon the surrender and deposit of the children's passports and identification documents with the Clerk of the Court by today, May 1, 2009, at 4:00 p.m.

**C. Respondent's Request for Bond to be Waived**

The Court finds that good cause exists to grant respondent's request for the Court to waive the posting of a bond at this time. The Court finds that deposit of the children's passports and identification documents is sufficient bond.

Accordingly, it is now

**ORDERED**:

Respondent's Expedited Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond (Doc. #91) is **GRANTED in part** to the extent that the Court will grant a temporary stay to postpone the

---

[3]One of the primary stated objectives of the Hague Convention is to "secure the prompt return of children wrongfully removed to or retained in any Contracting State . . . ." E.g., Lops, 140 F.3d at 935 (quoting the Hague Convention, Art. 1, §§ a-b); Pielage v. McConnell, 516 F.3d 1282, 1286 (11th Cir. 2008).

Court's Opinion and Order (Doc. #90) from taking effect until **Friday, May 8, 2009, at 12:00 p.m. (noon),** to give respondent an opportunity to seek a stay from the appropriate appellate court, should he choose to do so. Respondent shall deposit with the Clerk of the Court the children's passports and identification documents by **today, May 1, 2009, at 4:00 p.m.** Respondent will not be required to post a bond at this time. Respondent's motion is otherwise **DENIED.**

    **DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of May, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record