UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA OLESEN-FRAYNE,

                Petitioner,

vs.                              Case No. 2:09-cv-49-FtM-29DNF

LARS OLESEN,

                Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion to Tax Necessary Expenses (Doc. #105) filed on May 13, 2009. Respondent filed an Amended Memorandum of Law Opposing Petitioner's Motion to Tax Necessary Expenses (Doc. #110) on May 22, 2009. Also before the Court is the Bill of Costs (Doc. #104), to which respondent did not file a response.

**I.**

On April 29, 2009, the Court entered an Opinion and Order (Doc. #90) granting petitioner's Complaint for Return of Children to the United Kingdom and Issuance of Show Cause Order and Request for Expedited Consideration of Complaint for Return of Child to the United Kingdom and Issuance of Show Cause Order, and ordering the return of passports and identification documents by respondent to petitioner for the children. On May 1, 2009, the Court issued an Opinion and Order (Doc. #93) granting respondent's Expedited Motion

for Stay Pending Appeal and for Waiver of Supersedeas Bond to the extent that a temporary stay was granted to seek a stay with the Eleventh Circuit. A subsequent Order (Doc. #96) was entered clarifying that the temporary stay would expire and the passports would have to be released by May 8, 2009, if no stay was obtained. The passports were released to petitioner on May 8, 2009, Doc. #98, and respondent filed a Notice of Withdraw of Appeal (Doc. #103) on May 12, 2009. The Eleventh Circuit issued an Entry of Dismissal (Doc. #112) on June 4, 2009. Petitioner was successful on the requested relief and therefore is a prevailing party for purposes of costs and the request for fees and expenses.

**II.**

Under Federal Rule of Civil Procedure 54(d), costs "should be allowed to the prevailing party" unless the court otherwise provides. FED. R. CIV. P. 54(d)(1).[1] While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Petitioner seeks $7,151.83 in costs pursuant

---

[1] The Court notes that prior to the December 1, 2007, FED. R. CIV. P. 54(d)(1) provided that costs "shall" be allowed.

to 28 U.S.C. § 1920. Respondent has not objected to any of the items taxed pursuant to Rule 54(d), and the Court finds no reason not to award these costs. Accordingly, $7,151.83 will be taxed as costs pursuant to § 1920.

## III.

Generally, "[u]nder the "American Rule," a prevailing party in a lawsuit is responsible for his or her own attorney's fees." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992)(citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). Under 42 U.S.C. § 11607(b)(3),

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). Respondent argues that such an award would be "clearly inappropriate," or in the alternative, that the amount is excessive and should be reduced.

Respondent asserts that an award is inappropriate because of the unusual factual circumstances of the case and because the Court's underlying decision in favor of petitioner was incorrect. The Court finds neither assertion supports a finding that an award of attorney fees and expenses would be clearly inappropriate. Litigated Hague Convention cases are often factually varied and intensive, and the unique set of circumstances involved in a given

case is not a basis to find attorney fees and expenses clearly inappropriate. Respondent's appeal has now been voluntarily dismissed, and the Court finds no basis to reconsider its underlying decision. Therefore, the Court finds that respondent has not established that an order for necessary expenses would be "clearly inappropriate."

In the alternative, respondent argues that the amount of such necessary expenses should be reduced for several reasons. Respondent first argues that any payments previously made by petitioner should not be reimbursed because the parties are still married and the payments were probably made with marital funds. While the parties were still married at all relevant times (and may well still be married), there is no evidence that payments were made from joint marital assets or that respondent took any steps in connection with the payment which would justify receipt of a credit for this amount. The Court finds no evidence of a windfall to petitioner. Additionally, the argument that respondent was effectively petitioner's "legal aid fund" is unsupported by any evidence.

The total fees incurred in this case may be significantly higher than other cases across the country brought under the Hague Convention, however as respondent has argued elsewhere, this case presented unique facts evidenced not only by the e-mails over several years but multiple proceedings in two countries.

Therefore, the amount of the request is not *per se* determinative of its reasonableness.

**IV.**

The reasonableness of the amount of expenses and fees is determined under the lodestar analysis, as provided below. See, e.g., Neves v. Neves, ___ F. Supp. 2d ___, 2009 WL 1563893, *11-*17 (W.D.N.C. May 29, 2009). A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). See also Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The prevailing market is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. See, e.g., Martinez v. TRG Oasis (Tower Two) Ltd., LP, 2:08-cv-611-FTM-29SPC, 2009 WL 774094, *2 (M.D. Fla. Mar. 19, 2009)(the prevailing market is Fort Myers, Florida). If petitioner desires to recover non-local rates of an attorney who is not from the place in which the case is filed, petitioner must show

a lack of attorneys practicing in the area who are willing and able to handle the claims. See ACLU v. Barnes, 168 F.3d 423, 436-38 (11th Cir. 1999); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299-1301 (11th Cir. 1988).

The Holland & Knight letter confirming representation (Doc. #105-4) states that Brett A. Barfield, a partner, would charge $375.00 an hour, and Robert Watson, a senior associate, would charge $320.00 an hour to work on the case. A $10,000.00 initial deposit was required. Petitioner filed the Declaration of James K. Green in Support of Petitioner's Motion for an Award of Attorney's Fees (Doc. #105-5) indicating that his own rates are $450 to $550 an hour as an attorney admitted since 1977 with extensive federal practice experience. Mr. Green states that his review of the billing docket and billing entries show that attorneys Barfield and Watson avoided duplication. Mr. Green further declares that the activities were lumped into single time entries, but sufficiently detailed to find that the hours were generally reasonable, and that proper billing judgment was exercised. Mr. Green took no position on the associate Brian W. Toth, paralegal Delia M. Hayes, or litigation support personnel Luis Perez.

Petitioner states that fees associated with a second law firm specializing in Hague Convention cases, Miles & Stockbridge P.C., are not requested. Petitioner further states that the hours by Toth, Hayes, and Perez have been deducted from the request. After

deductions, petitioner seeks $139,537.00 in attorney fees and $11,760.74 in expenses.

As to the hourly rate, in January 2003, the undersigned awarded $225 per hour in a Hague Convention Case. Lynch v. Lynch, Case No. 2:01-cv-371-FTM-29. The Court finds that the requested rates are high for attorneys who were not admitted to practice in the Middle District of Florida prior to this case, and who have not produced any evidence regarding their level of experience in state or federal courts. As a result, the hourly rates will be reduced to rates more commensurate to the Fort Myers area. Mr. Barfield's hourly rate will be reduced to $300.00 an hour and Mr. Watson's hourly rate will be reduced to $275.00.

The Court has also reviewed the submitted billing records (Doc. #105-3) and finds that the hours must be reduced to exclude entries for travel to and from Fort Myers and Miami, Florida; time related to work on the criminal case; and time entries for inquiries made to Chambers. The Court finds that the remaining hours are otherwise reasonable and do not include outside litigation or agencies not directly having an impact on this case. The following hours will be reduced:

| DATE AND ATTORNEY: | HOURS REQUESTED: | DEDUCTED HOURS: |
|---|---|---|
| 1/29/2009 - Barfield | 1.60 | 0.20 |
| 2/10/2009 - Barfield | 1.40 | 0.40 |
| 2/25/2009 - Barfield | 0.70 | 0.50 |
| 3/15/2009 - Watson | 7.00 | 3.00 |

| 3/16/2009 - Watson   | 11.80 | 3.00 |
| 3/23/2009 - Watson   | 2.20  | 0.20 |
| 3/24/2009 - Barfield | 3.60  | 0.30 |
| 3/25/2009 - Barfield | 2.60  | 0.30 |
| 4/7/2009 - Barfield  | 3.60  | 0.60 |
| 4/8/2009 - Watson    | 3.30  | 0.30 |
| 4/12/2009 - Barfield | 5.50  | 3.00 |
| 4/13/2009 - Barfield | 11.50 | 0.50 |
| 4/14/2009 - Watson   | 14.00 | 3.00 |
| 4/16/2009 - Watson   | 12.50 | 3.00 |
| 4/17/2009 - Barfield | 6.00  | 3.00 |
| **TOTAL:**           |       | 21.3 |

Therefore, the total hours will be reduced to 387.8 from 409.1, with Mr. Barfield's hours being reduced from 192.9 to 184.1, and Mr. Watson's hours being reduced from 210.0 to 197.5. The resulting attorney's fees are $55,230.00 for Mr. Barfield and $54,312.50 for Mr. Watson, for a total of $109,542.50.

Petitioner also seeks expenses. The expenses will be reduced to eliminate that mileage and hotel for Mr. Watson and Mr. Barfield, in the amount of $446.64, and otherwise granted. (Doc. #105-2, pp. 2-3.) Therefore, expenses totaling $11,314.10 will be awarded.

Accordingly, it is now

**ORDERED:**

1. The Bill of Costs (Doc. #104) is **GRANTED**. The Clerk shall issue the previously filed Bill of Costs taxing costs against respondent and in favor of petitioner in the amount of **$7,151.83**.

2. Petitioner's Motion to Tax Necessary Expenses (Doc. #105) is **GRANTED IN PART AND DENIED IN PART** as provided herein.

3. The Clerk shall enter an amended judgment in favor of petitioner and against respondent granting attorney's fees in the amount of $109,542.50, and expenses in the amount of $11,314.10.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of September, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record